IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PAUL THIBODEAUX, *by and through Salvador Jimenez*, Petitioner, | § § § § § |
| v. | §    2:22-CV-172-Z-BR |
| DIRECTOR, TDCJ-CID, Respondent. | § § § § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Salvador Jimenez tendered to this Court a pleading attempting to initiate a federal habeas corpus proceeding as next friend for Petitioner Paul Thibodeaux. (ECF 3; ECF 4).

Neither Petitioner nor Jimenez submitted any documentation or information which would entitle Jimenez to act as next friend for Petitioner. Accordingly, on September 7, 2022, the Court entered an Order directing Jimenez to file documentation and written argument supporting his assertion of next friend status in accordance with *Whitmore v. Arkansas*. 495 U.S. 149, 163 (1990); (ECF 5 at 1–2). Jimenez was to file said information within 21 days from the date of the Order. (ECF 5 at 2).

As of this date, Jimenez has not filed the required information and, indeed, has not filed anything at all.[1] The Court has given ample opportunity to comply with its Order, yet Jimenez has failed to do so. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority

---

[1] Likewise, Petitioner, who was served with the Order, has failed to submit any documentation or indicate a desire to proceed with the Petition.

[under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). The undersigned finds Jimenez' failure to comply with this Court's September 7, 2022 Order warrants dismissal.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Proceed as Next Friend, (ECF 4), filed by Petitioner Paul Thibodeaux, by and through Salvador Jimenez, be DENIED and the federal habeas corpus application, (ECF 3), be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 7, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).